Aaron F. Goldstein, J.
The defendant is charged with a violation of subdivision d of section 026-206.0 of the Administrative Code in that he failed to comply with an order of the Building Department relating to a change of premises from a two-family dwelling to a two-family and business use without obtaining a certificate of occupancy for it.
At the trial, the People introduced Building Department records, dated July 28, 1913, of an application to change the premises from a two-family and shop to a two-family dwelling, and of a final report of an Inspector of the department showing the work on the building was commenced on July 30, 1913 and completed on September 27,1913, and that a search of the department’s records revealed nothing pertaining to the building later than the 1913 record.
The defendant offered evidence for the purpose of establishing that the premises were occupied as a two-family dwelling and a shop subsequent to 1913 and prior to 1916, when a certificate of occupancy first became necessary. The People objected to *796 the receipt of such evidence on the ground that the defendant could not attack the order of the department in this court, and that if he felt aggrieved his remedy was to appeal from such order to the Board of Standards and Appeals. The court reserved decision on the objection by the People, and accepted the testimony subject to a decision on the objection with the understanding that such evidence would be disregarded by the court should it sustain the objection.
Based upon the cases of People v. Gilman (6 A D 2d 899) and People v. Namro Holding Corp. (10 A D 2d 702), I am impelled to sustain the objection by the People to the defendant’s evidence tending to attack the validity of the order violated by the defendant and to strike out and disregard such testimony. The defendant had both the right and the opportunity to review the order by appeal to the Board of Standards and Appeals as provided in subdivision 6 of section 666 of the New York City Charter. The defendant cannot attack the propriety of said order in a criminal prosecution for its disobedience.
The gravamen of the information is that the defendant violated an order of the Building Department. Such violation having been established beyond a reasonable doubt, I find the defendant guilty as charged.